| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | **James B Crowe** |
| | Name: First  Middle  Last |
| Debtor 2 (Spouse, if filing) | **Rachel C Crowe** |
| | Name: First  Middle  Last |
| Case number: (If known) | **18-71931** |

Check if this is an amended plan ☑
Amends plan dated: 01/10/2019

# Chapter 13 Plan

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules, administrative orders, and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies. Your failure to check a box that applies renders that provision ineffective.*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the confirmation hearing, unless otherwise ordered. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is made. See Bankruptcy Rule 3015. In addition, a proper proof of claim must be filed in order to be paid under this plan.

The following matters may be of particular importance to you. Debtor(s) must check each box that applies. Debtor(s)' failure to check a box that applies renders that provision ineffective.

☐ The plan seeks to limit the amount of a secured claim, as set out in Part 3, § 3.2, which may result in a partial payment or no payment at all to the secured creditor.

☐ The plan requests the avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest as set out in Part 3, § 3.4.

☑ The plan sets out nonstandard provision(s) in Part 9.

## Part 2: Plan Payments and Length of Plan

**2.1** Debtor(s) will make regular payments to the trustee as follows:

**$736.00** per **Month** for **60** months

*Debtor(s) shall commence payments within thirty (30) days of the petition date.*

**2.2** Regular payments to the trustee will be made from future income in the following manner (*check all that apply*):

☐ Debtor(s) will make payments pursuant to a payroll deduction. Debtor(s) request a payroll deduction be issued to:

☑ Debtor(s) will make payments directly to the trustee.
☐ Other (specify method of payment)

**2.3** Income tax refunds and returns. *Check one.*

☐ Debtor(s) will retain any income tax refunds received during the plan term.

☑ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee income tax refunds received during the plan term, if any.

☐ Debtor(s) will treat income tax refunds as follows: _____

☐ Debtor(s) believe they are not required to file income tax returns and do not expect to receive tax refunds during the plan term.

2.4 **Additional Payment** *Check all that apply.*

☐ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

☑ Debtor(s) will make additional payment(s) to the trustee from proceeds of claim(s), cause(s) of action, lawsuit(s), settlement(s), or judgment award(s), as specified below:
**The Debtor shall pay all non-exempt scheduled causes of action proceeds to the Trustee. Non-exempt proceeds of scheduled causes of actions that remain after satisfaction of any and all attorneys' fees and expenses, lien claims, and subrogation claims payable therefrom shall be disbursed in the following sequence: (1) in payment of the percentage fee currently due the Trustee, (2) pro rata to holders of nonpriority unsecured claims not separately classified by the Plan up to 100 percent of the total allowed amount of such claims, (3) in the sequence specified by part II.A of the Administrative Order No. 17-06, (4) the balance, if any, to the Debtor.**

2.5 **Adequate Protection Payments**

Any adequate protection payments shall be made as part of this plan; see Part 3 or Part 9 for details. The secured creditor must file a proof of claim in order to receive payment. Unless otherwise ordered, adequate protection payments through the trustee shall be made as funds are available after the proof of claim is properly filed.

## Part 3: Treatment of Secured Claims

3.1 **Maintenance of payments and cure of defaults, if any, on long-term secured debts.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☑ Debtor(s) or trustee will maintain the current contractual installment payments on the secured claims listed below. These payments will be disbursed either by the trustee or paid directly by Debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee. Unless otherwise ordered, the amounts listed on a proof of claim, amended proof of claim, or notice of payment change control over any contrary amounts listed below as to the estimated amount of the creditor's total claim, current installment payment, and arrearage.

| Name of Creditor | Collateral | Estimated Amount of Creditor's Total Claim | Current Installment Payment (including escrow) | Amount of Arrearage (if any) | Months Included in Arrearage | Monthly Fixed Payment on Arrearage | Monthly Fixed Payment on Arrearage to Begin |
|---|---|---|---|---|---|---|---|
| Gateway, Inc. | 1303 Oakley Street Randolph, AL 36792 Bibb County | $156,700.00 | $1,049.00 Disbursed by: Debtor To Begin: December 2018 | $3,039.87 | 1 | 61.00 | 7th month after confirmation |

3.2 **Request for valuation of security, claim modification, and hearing on valuation.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

3.3 **Secured claims excluded from 11 U.S.C. § 506 and fully secured claims.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

3.4 **Section 522(f) judicial lien and nonpossessory, nonpurchase-money ("Non-PPM") security interest avoidance.** *Check all that apply.*

☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

3.5 **Surrender of collateral.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*
☑ Debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. Debtor(s) request that upon confirmation of this plan, the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the surrender of the collateral will be treated in Part 5 below.

| Name of Creditor | Collateral |
| --- | --- |
| Honda Financial Services | 2018 Honda Accord |

## Part 4: Treatment of Fees and Priority Claims

**4.1 General**

Trustee's fees will be paid in full. Except as set forth in § 4.5, allowed priority claims also will be paid in full, without interest.

**4.2 Chapter 13 case filing fee.** *Check one.*

☑ Debtor(s) intend to pay the Chapter 13 case filing fee through the plan.
☐ Debtor(s) intend to pay the Chapter 13 case filing fee directly to the Clerk of Court.

**4.3 Attorney's fees.**

The total fee requested by Debtor(s)' attorney is **$3,750.00**. The amount of the attorney fee paid prepetition is **$350.00**. The balance of the fee owed to Debtor(s)' attorney is **$3,400.00,** payable as follows (*check one*):

☐ $ at confirmation and $ per month thereafter until paid in full, or
☑ in accordance with any applicable administrative order regarding fees entered in the division where the case is pending.

**4.4 Priority claims other than attorney's fees and domestic support obligations.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

**4.5 Domestic support obligations.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata.

**5.2 Percentage, Base, or Pot Plan.** *Check one.*

☐ 100% Repayment Plan. This plan proposes to pay 100% of each allowed nonpriority unsecured claim.
☐ Percentage Plan. This plan proposes to pay _____% of each allowed nonpriority unsecured claim.
☑ Pot Plan. This plan proposes to pay **$32,895.90**, distributed pro rata to holders of allowed nonpriority unsecured claims.
☐ Base Plan. This plan proposes to pay $_____ to the trustee (plus any tax refunds, lawsuit proceeds, or additional payments pursuant to §§ 2.3 and 2.4). Holders of allowed nonpriority unsecured claims will receive the funds remaining, if any, after disbursements have been made to all other creditors provided for in this plan

**5.3 Interest on allowed nonpriority unsecured claims not separately classified.** *Check one.*
☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

**5.4 Maintenance of payments and cure of any default on long-term nonpriority unsecured claims.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.4 need not be completed or reproduced.*

**5.5 Other separately classified nonpriority unsecured claims.** *Check one.*

| Debtor | James B Crowe<br>Rachel C Crowe | Case number | 18-71931 | Eff (01/01/2019) |

☑ **None.** *If "None" is checked, the rest of § 5.5 need not be completed or reproduced.*

## Part 6: Executory Contracts and Unexpired Leases

6.1 The executory contracts and unexpired leases listed below are assumed, will be treated as specified, and any defaults cured. *Check one.*

☐ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

☑ **Assumed items.** Current installment payments will be disbursed either by the trustee or paid directly by Debtor(s), as specified below. Arrearage payments will be disbursed by the trustee. The final two columns include only payments disbursed by the trustee rather than by Debtor(s). Unless otherwise ordered, the amounts listed on a proof of claim or amended proof of claim control over any contrary amounts listed below as to the estimated amount of the current installment payment and arrearage.

| Name of Creditor | Description of Leased Property or Executory Contract | Lease Term | Current Installment Payment | Amount of Arrearage to be Paid | Monthly Fixed Payment to Creditor | Monthly Fixed Payment to Begin |
|---|---|---|---|---|---|---|
| Verizon Wireless | 2 year contract | n/a | varies<br>Disbursed by:<br>☐ Trustee<br>☑ Debtor(s)<br>To begin:<br>November 2018 | none | varies | n/a |

6.2 The executory contracts and unexpired leases listed below are rejected: *Check one.*

☑ **None.** *If "None" is checked, the rest of § 6.2 need not be completed or reproduced.*

## Part 7: Sequence of Payments

7.1 Unless otherwise ordered, the trustee will make the monthly payments required in Parts 3 through 6 in the sequence of payments set forth in the administrative order for the division in which this case is pending.

## Part 8: Vesting of Property of the Estate

8.1 Property of the estate will vest in Debtor(s) *(check one)*:

☐ Upon plan confirmation.

☑ Upon entry of Discharge

## Part 9: Nonstandard Plan Provisions

☐ **None.** *If "None" is checked, the rest of Part 9 need not be completed or reproduced.*

☑ Nonstandard provisions are required to be set forth below. Nonstandard provisions set out elsewhere in this plan are ineffective. A nonstandard provision is a provision not otherwise included in this district's Local Form or deviating from it.
*These plan provisions will be effective only if the applicable box in Part 1 of this plan is checked*

1. The Debtors surrender their 2018 Honda Accord to Honda Financial Services in full satisfaction of their entire claim.
2. Debtor 2 purchased a 2013 Ford Explorer from Drive Time Car Sales post-petition. Debtor will pay Drive Time direct in the amount of $464.46 a month.

## Part 10: Signatures:

**Signature(s) of Debtor(s) required.**

Signature(s) of Debtor(s) *(required)*:

X /s/ James B Crowe
James B Crowe

Date 2-18-2019

| Debtor | James B Crowe<br>Rachel C Crowe | Case number | **18-71931** | Eff (01/01/2019) |

X  *Rachel C Crowe* (signature)    Date 2/18/19
Rachel C Crowe

Signature of Attorney for Debtor(s):
X  /s/ S. Scott Allums    Date 2/19/2019
S. Scott Allums
506 North 18th Street
Bessemer, AL 35020
205-426-7080

Name/Address/Telephone/Attorney for Debtor(s):

By filing this document, Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) certif(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in this district's Local Form, other than any nonstandard provisions included in Part 9.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**WESTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| JAMES B. CROWE AND | ) | CASE NO. 18-71931-JHH |
| RACHEL C. CROWE, | ) | |
| DEBTORS. | ) | |

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing *Amended Chapter 13 Plan* has been served upon all creditors and the following by placing a copy of same in the United States mail, properly addressed and first-class postage prepaid OR via the Court's electronic mailing service (CM/ECF) on this the 19th day of February 2019.

C. David Cottingham
Chapter 13 Standing Trustee
P. O. Drawer 020588
Tuscaloosa, AL 35402
dcottingham13@ecf.epiqsystems.com, via CM/ECF Noticing Service
dcottingham@ch13tuscaloosa.com, via CM/ECF Noticing Service

creditor matrix

                                                                                      /s/ S. Scott Allums
                                                                                       Of Counsel

| Label Matrix for local noticing<br>1126-7<br>Case 18-71931-JHH13<br>NORTHERN DISTRICT OF ALABAMA<br>Tuscaloosa<br>Tue Feb 19 09:59:42 CST 2019 | PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 | U. S. Bankruptcy Court<br>2005 University Blvd., Room 2300<br>Tuscaloosa, AL 35401-1546 |
|---|---|---|
| (p)AMERICAN HONDA FINANCE<br>P O BOX 168088<br>IRVING TX 75016-8088 | Care Credit Synchrony<br>P.O. Box 960061<br>Orlando, FL 32896-0061 | Chase Cardmember Service<br>P.O. Box 15548<br>Wilmington, DE 19886-5548 |
| Chase Cardmember Service<br>P.O. Box 94014<br>Palatine, IL 60094-4014 | Citicards<br>Citicorp Credit Services<br>P.O. Box 79040<br>Saint Louis, MO 63179 | Drive Time<br>2205-A Pelham Pkwy.<br>Pelham, AL 35124-1314 |
| (p)FREEDOM FINANCIAL ASSET MANAGEMENT LLC<br>ATTN BANKRUPTCY DEPARTMENT<br>PO BOX 2340<br>PHOENIX AZ 85002-2340 | Gateway Mortgage Corp.<br>Attn: Bankrupcty Dept.<br>244 S Gateway Place<br>Jenks, OK 74037-3448 | Gateway Mortgage Group, LLC<br>244 South Gateway Place<br>Jenks, OK 74037-3448 |
| Gateway, Inc.<br>7565 Irvine Center Drive<br>Irvine, CA 92618-4933 | Honda Financial Services<br>200 Little Falls Drive<br>Wilmington, DE 19807 | Internal Revenue Service<br>Centralized Insolvency Operations<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 |
| James Markham<br>Key, Greer, Harrison<br>P.O.Box 360345<br>Birmingham, AL 35236-0345 | Kay Johnson<br>580 County Road 775<br>Montevallo, AL 35115-9361 | LVNV Funding, LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 |
| Mutual Savings Credit Union<br>Attn: Bankrupty Department<br>P.O.Box 362045<br>Birmingham, AL 35236-2045 | Mutual Savings Credit Union<br>P. O. Box 362045<br>Birmingham, AL 35236-2045 | PayPal Credit<br>P.O.Box 5138<br>Lutherville Timonium, MD 21094-5138 |
| (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 | Prosper Marketplace<br>221 Main Street #300<br>San Francisco, CA 94105-1909 | Prosper Marketplace Inc<br>P.O. Box 396081<br>San Francisco, CA 94139-6081 |
| Raush, Sturm, Israel, Enerson and Hornik<br>P.O.Box 312277<br>Enterprise, AL 36331-2277 | Regions Bank<br>1900 - 5th Ave., No.<br>Birmingham, AL 35203-2670 | Regions Bank<br>Attn: Bankruptcy<br>P.O. Box 10063<br>Birmingham, AL 35202-0063 |
| Regions Bank<br>Credit Information Dept<br>P.O.Box 10063<br>Birmingham, AL 35202-0063 | SYNCHRONY BANK<br>c/o Weinstein & Riley, PS<br>2001 Western Ave., Ste 400<br>Seattle, WA 98121-3132 | State Farm Bank<br>P. O. Box 2316<br>Bloomington, IL 61702-2316 |

| | | |
|---|---|---|
| State Farm Bank<br>P.O.Box 2313<br>Bloomington, IL 61702-2313 | State Farm Bank<br>c/o Becket and Lee LLP<br>PO Box 3001<br>Malvern PA 19355-0701 | State Farm Financial Services<br>Three State Farm Plaza, N-3<br>Bloomington, IL 61791-0002 |
| State of Alabama<br>Legal Division Dept. of Revenue<br>P.O. Box 320001<br>Montgomery, AL 36132-0001 | U. S. Attorney<br>1801 Fourth Avenue, North<br>Birmingham, AL 35203-2101 | Verizon<br>by American InfoSource as agent<br>PO Box 248838<br>Oklahoma City, OK 73124-8838 |
| Verizon Wireless<br>PO Box 660108<br>Dallas, TX 75266-0108 | C David Cottingham<br>Chapter 13 Standing Trustee<br>701 22nd Avenue, Suite 4<br>P O Drawer 020588<br>Tuscaloosa, AL 35402-0588 | James B Crowe<br>1303 Oakley Station Road<br>Randolph, AL 36792-5324 |
| Rachel C Crowe<br>1303 Oakley Station Road<br>Randolph, AL 36792-5324 | S Scott Allums<br>506 North 18th Street<br>Bessemer, AL 35020-4818 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| American Honda Finance Corporation<br>National Bankruptcy Center<br>P.O. Box 168088<br>Irving, TX 75016-8088 | Freedom Plus<br>Atn: Bankruptcy<br>1875 S. Grant St, STE 450<br>San Mateo, CA 94402 | Portfolio Recovery Associates, LLC<br>POB 41067<br>Norfolk VA 23541 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)American Honda Finance Corp<br>Kent D. McPhail | (u)Gateway Mortgage Group, LLC | (d)PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 |

End of Label Matrix
Mailable recipients    40
Bypassed recipients     3
Total                  43